JEROME BABCOCK, RESPONDENT, *v.* DIADAMA CLARK, APPELLANT.

*County judge — may grant an order to show cause why an injunction should not issue in an action in the Supreme Court.*

In an action, brought in the Supreme Court to restrain the foreclosure by advertisement of a mortgage, a county judge may grant an order requiring the defendant to show cause before him why a temporary injunction should not be granted, and restrain him in the meantime from selling the premises at the time specified in the advertisement.

APPEAL from an injunction order granted herein by the special county judge of Chautauqua county.

*Cook & Lockwood,* for the appellant.

*Hazletine & Lewis,* for the respondent.

TALCOTT, P. J.:

The question arises upon an order of the special county judge of Chautauqua county, granting an injunction restraining the proceedings of the defendant to foreclose, by advertisement, a mortgage on a parcel of land in the town of Busti.

The complaint, stripped of its unnecessary verbiage, is founded upon the allegation that the plaintiff, who is the owner of the fee of the premises, and obligated to pay the mortgage, entered into an agreement with the defendant whereby, in consideration of the payment of certain interest on the mortgage, anticipated and paid, before it was due, the defendant agreed to extend the time for the

payment of the balance till a time subsequent to commencement of the foreclosure proceedings.

The payment of the interest before it was to become due by the conditions of the mortgage, formed a good consideration for the agreement on the part of the defendant, to extend the time for the payment of the balance.

The appellant objects to the practice in this, that the special county judge granted an order upon the defendant to show cause why an injunction order should not be granted; in the meantime restraining the sale of the mortgaged premises at the time specified in the advertisement, upon the ground that the hearing of the motion for the injunction, after the return of the order to show cause, was the hearing of a contested motion in a case pending in the Supreme Court, which the special county judge has no power to do.

Section 606 of the Code of Civil Procedure, provides that an injunction order may be granted by any county judge. Section 609 provides that the order may be granted upon or without notice, in the discretion of the court or judge. The order to show cause was equivalent to a notice of the application for an injunction order. See, also, sections 241 and 627 of the Code of Civil Procedure.

We are unable to see why the special county judge had not the power to grant the injunction order, or why his proceedings were in any respect irregular.

The order appealed from is affirmed, with ten dollars costs and disbursements.

HARDIN and RUMSEY, JJ., concurred.

Ordered accordingly.